# EXHIBIT B

# HSW FAMILY IRREVOCABLE TRUST

I hereby transfer, assign and convey to the Trustee hereinafter named (the "**Trustee**"), as Trustee, the sum of One Hundred Dollars ($100.00), in trust for the beneficiaries and upon the uses and trusts hereinafter set out, pursuant to the Georgia Trust Act, O.C.G.A. Section 53-12-1, et seq.

## ITEM I

I have been fully advised and understand and declare that this trust is and shall be irrevocable, and I shall have no right, title or interest in or power, privilege or incident of ownership in regard to any of the property in this trust and no right to alter, amend, modify, revoke or terminate this trust or any of its provisions.

## ITEM II

The beneficiary(ies) of this trust shall be my descendants, *per stirpes* (collectively, the "**Beneficiary**"), unless and until the "**Protector**" hereinafter named shall designate another trust to be the beneficiary, provided, however, that the Protector may not name a trust as a Beneficiary hereunder if the Protector, the Protector's estate, the Protector's creditors or the creditors of the Protector's trust are beneficiaries of the trust.

## ITEM III

(a) Subject to Item V hereof, the sole and exclusive purpose of this trust is to own the limited liability company member interest in **HELEN WILKENFELD 2004, LLC**, a Georgia limited liability company (the "**Company**"), as the sole member thereof, under the terms and conditions set forth in the operating agreement for the Company, in substantially the form attached hereto as **Exhibit A** and incorporated herein by reference ("**Operating Agreement**"). Accordingly, the Trustee is hereby directed to become the sole member of the Company, to execute and deliver the Operating Agreement and to cause the trust to perform all of its obligations thereunder and to cause the Articles of Organization of the Company to be filed with the Secretary of State of the State of Georgia on behalf of the Company.

(b) I intend that, once created, the Company will enter into and perform its obligations under that certain "Liberty Premium Finance Program Financing Agreement" in substantially the form attached hereto as **Exhibit B** and incorporated herein by reference (the "**Financing Agreement**") to be entered into among the Company, Liberty One Funding Trust, a Delaware statutory trust, and me (as the "**Insured**"). All capitalized terms used herein and not otherwise defined herein shall have the meaning ascribed to such terms under the Financing Agreement.

(c) I hereby expressly relieve the Trustee of all liability to me or to the Beneficiary as a result of:

(i) Causing the Articles of Organization of the Company to be filed with the Secretary of State of the State of Georgia,

(ii) Executing the Operating Agreement, causing the trust to become the sole member of the Company and causing the trust to perform its obligations under the Operating Agreement;

(iii) The corpus of the trust being limited to the limited liability company interest in the Company, a reasonable reserve for debts and administrative expenses of the trust, and such other property as shall be expressly permitted under the terms of this trust;

(iv) The Company's entering into and performing its obligations under the Financing Agreement as contemplated herein;

provided, however, that the Trustee shall not be relieved of any liability for its gross negligence or intentional misconduct in the management of the trust.

**ITEM IV**

(a) I acknowledge that the Person serving as Trustee of this trust, or an affiliate of such Person, may also serve in any one or more of the following capacities:

(i) As Manager of the Company;

(ii) As trustee or co-trustee of the "Liberty One Funding Trust," a Delaware statutory trust under agreement dated July 16, 2004;

(iii) As trustee or co-trustee of the "Liberty One Trust," a Delaware statutory trust under agreement dated July 16, 2004 ("SPIA Trust");

(iv) As trustee or co-trustee of the "LibertyOne Master Trust," a Delaware statutory trust under agreement dated July 16, 2004 ("Master Trust"); and/or

(v) As "Indenture Trustee" under that certain Indenture under agreement dated August 6, 2004 ("Indenture").

I hereby acknowledge the potential conflict of interest between the Trustee's acting as Trustee and the Trustee's acting in such other capacities, consent to the Trustee's serving in any or all such capacities, and, to the fullest extent permitted by law, waive any potential conflict of interest the Trustee may have as a result of serving in such capacities. When taking any action in any of the above capacities, the Trustee shall be deemed to be acting only in such capacity, and shall not be deemed to be acting in its capacity as Trustee hereunder. Any limitation placed upon the Trustee in any of the above capacities shall not be a limitation upon the Trustee's ability to take any such act in any other capacity unless such activities in such other capacity are also so limited. By way of example, and not by way of limitation, the Trustee, when acting in its capacity as Manager of the Company, shall be authorized to execute the Financing Documents and to give all representations and warranties required of the Company under the Financing Documents, irrespective of whether such representations or warranties would normally be appropriate for the Trustee of a trust; it being further understood that the Trustee shall have no responsibility to determine, on behalf of this trust or as Manager of the Company, the accuracy of any representations or warranties so made by the Company.

## ITEM V

(a) I shall have the right, but not the obligation, to transfer additional property to this trust for the limited purposes of:

(i) Enabling the trust to make additional capital contributions to the Company as permitted under the Operating Agreement; or

(ii) Enabling the trust to pay any debts or administration expenses.

(b) The Trustee shall accept any additional transfers of property from me to the trust only if such transfer is permitted hereunder and the purpose of such transfer is clearly indicated.

(c) Any such additional transfers shall be used by the Trustee for the purpose for which such transfer was made. The Trustee shall remit to the Company any such transfer for the purpose of enabling the trust to make additional capital contributions to the Company (as permitted under the Operating Agreement) within five (5) Business Days of receipt thereof by the Trustee.

(d) I hereby expressly relieve the Trustee of all liability to me or to the Beneficiary as a result of accepting any additional transfer as permitted hereunder and using such transfer for the purpose for which such transfer was made.

**ITEM VI**

(a) From the date of this trust until the date when all amounts to be paid under the Financing Agreement have been fully and irrevocably paid in full (the "**Termination Date**"), all cash received as a distribution from the Company and not designated for any other purpose shall be distributed to the Beneficiary within five (5) Business Days of receipt thereof by the Trustee, provided, however, that the Trustee shall be entitled to withhold from any such distribution any amount necessary to pay any debts or administration expenses of the trust, including fees payable to the Trustee for its services as Trustee, or to establish a reasonable reserve therefor. The Trustee shall be under no duty to invest any amount held as a reserve for the payment of debts or other administration expenses.

(b) If the Trustee should receive written notice from the Company or the Funding Trust that any amount received by the Trustee from the Company was distributed in error, the Trustee shall immediately return any such erroneous distribution, to the extent the Trustee still has custody of same as Trustee, to the Company or to such other Person as the Company shall

direct in writing. The Trustee shall have no liability for any distribution of such amount to the Beneficiary pursuant to the terms of this trust but shall, at the request and expense of the Company, the Funding Trust or the Secured Party, use commercially reasonable efforts to pursue repayment of such erroneous distribution from the Beneficiary, including the initiation of civil action, and shall not be deemed to have breached any fiduciary duty to the Beneficiary for any such action so taken.

(c) If the Trustee receives any transfer of property with respect to the Policies and the proceeds thereof (other than a permitted transfer from me, as provided above) from any Person other than the Company, the Trustee shall not distribute such property, but shall give notice of its receipt thereof to the Protector, the Company, the Funding Trust, and the Secured Party, and shall take such action with respect to such property as directed in writing by the Secured Party.

**ITEM VII**

The Protector shall be an individual who has no direct or indirect beneficial interest in this trust and is not "related or subordinate" to me within the meaning of Section 672(c) of the Internal Revenue Code of 1986, as amended (the "Code"). The Protector shall have the power by instrument in writing signed by the Protector and delivered to the Trustee, or at death by the Protector's last will and testament, making express reference to this power, to change the Beneficiary of the trust to a trust established for the benefit of my spouse, one or more of my parents' descendants (other than me, my estate, my creditors or the creditors of my estate), and/or one or more organizations described in and meeting the requirements of sections 170(b)(1)(A) and 2522(a) of the Code, provided that in no event shall such power be exercisable in favor of the Protector or of me, either of our estates, either of our creditors, or the creditors of either of our estates.

**ITEM VIII**

(a) After my death, the Trustee shall collect any property paid to the trust, shall deliver to the personal representative of my estate any property of this trust that is included in my gross estate, as finally determined for federal estate tax purposes, and shall distribute all property remaining in this trust to the Beneficiary. The Trustee shall be entitled to rely upon any certified

public accountant or attorney retained by the Trustee as to the determination of which property of this trust is so includible in my gross estate, and the Trustee shall have no duty of inquiry into the determination of such accountant or attorney.

(b) If at any time before the final distribution of this trust there should be no beneficiary to take the property or the income therefrom, then the property remaining in the trust shall be distributed among the Persons who would have been entitled thereto under the laws of descent and distribution of the State of Georgia if I had died intestate at that time, a resident and domiciliary of Georgia, unmarried and owning such property in fee simple; provided, however, that in no event may the Company be distributed to such Persons prior to the Maturity Date without the prior written consent of the Secured Party. The Trustee shall be entitled to rely upon any attorney retained by the Trustee as to the determination of the Persons who would be so entitled to such property, and the Trustee shall have no duty of inquiry into the determination of such counsel.

## ITEM IX

The interest of any beneficiary in this trust shall not be transferred, assigned or conveyed and shall not be subject to the claims of any creditors of such beneficiary, and the Trustee shall continue distributing trust property directly to or for the benefit of such beneficiary as provided for herein notwithstanding any transfer, assignment, conveyance or action by creditors.

## ITEM X

(a) I appoint **MARC FAIVISH** as Protector of this trust.

(b) The Protector shall have no fiduciary duties toward me or the Beneficiary, and all powers of the Protector shall be exercisable by the Protector in a non-fiduciary capacity.

(c) The Protector shall receive no compensation, but shall be reimbursed for out-of-pocket expenses reasonably incurred in the administration of the trust established hereunder.

(d) Anything in this agreement notwithstanding, in no event shall I ever be eligible to serve as Protector of the trust created hereunder.

(e) The Protector may at any time resign by instrument in writing signed by such Protector and delivered to me (if then living), to the Trustee, and to the Beneficiary, provided that such resignation designates a successor Protector, who shall be an individual who is not a beneficiary of this trust and is not related or subordinate to me within the meaning of Section 672(c) of the Code. Any other vacancy in the office of Protector shall be filled by the Beneficiary ***(i.e. majority vote of the Persons then entitled to the income from this trust (or, if any such Persons are then minors or otherwise under legal disability, by their parents or guardians))***, and the successor Protector shall be an individual who is not a beneficiary of this trust and is not related or subordinate to me within the meaning of Section 672(c) of the Code.

No successor Protector shall be required to inquire into or audit the acts or doings of any predecessor Protector or to make any claim against any such predecessor. Any successor Protector shall have and may exercise all of the powers, privileges, immunities and exemptions conferred on the Protector of the subject trust as fully and to the same extent as if such successor Protector had originally been named as Protector thereof.

(f) Any nomination to be made hereunder by the Beneficiary shall be made by majority vote of the Persons then entitled to the distributions from trust. If any of such Persons are then minors or otherwise under legal disability, their parents or guardians shall act for them and shall receive any notices to be given to such Persons.

## ITEM XI

(a) I appoint **WELLS FARGO BANK, N.A.**, whose principal office for the administration of this trust shall be 400 Northridge Road, Suite 600, Atlanta, Fulton County, Georgia, as Trustee of this trust. Wherever **WELLS FARGO BANK, N.A.** is named herein, it shall be deemed to include any bank or trust company into which **WELLS FARGO BANK, N.A.** may hereafter be merged or consolidated.

(b) The Protector shall have the right to remove any Trustee serving hereunder from office by instrument in writing signed by the Protector and delivered to me (if I am then living), to the Trustee being removed, to the Secured Party and to the Beneficiary, provided that such instrument designates a "Qualified Successor Trustee" meaning a successor Trustee who is (i)

ready, willing and able to serve as successor Trustee, (ii) a bank or trust company then administering trust assets of at least One Hundred Million Dollars ($100,000,000) (iii) qualified and authorized to act as a fiduciary in and otherwise conduct business in the State of Georgia and agrees to conduct the operations of the trust from a location within the State of Georgia, (iv), approved in advance by the Secured Party, and (v) is not a "related or subordinate party" to the Protector within the meaning of Section 672(c) of the Code.

(c) The Trustee may at any time resign by instrument in writing signed by such Trustee and delivered to me (if I am then living), to the Secured Party, to the Beneficiary and to the Protector, but no such resignation shall be effective until a successor Trustee has been appointed and undertakes to act as successor Trustee.

(d) Should the Trustee resign or any vacancy occur in the office of the Trustee without a successor Trustee being designated as provided above, then I, if then living, shall have the power to nominate a successor Trustee. If I am not then living, or otherwise fail to name a successor within ten (10) Business Days of notice to me of such vacancy, then the Protector shall designate a successor Trustee, and if the Protector fails to name a successor Trustee for any reason within fifteen (15) Business Days of receipt of notice of such vacancy, the Beneficiary shall name a successor Trustee. If no successor Trustee is named as provided herein, then the Secured Party may petition any court of competent jurisdiction in the State of Georgia to appoint a successor Trustee. Any successor Trustee named as set forth above shall be a Qualified Successor Trustee.

(e) Anything in this agreement notwithstanding, in no event shall I ever be eligible to serve as a Trustee of the trust created hereunder.

(f) **WELLS FARGO BANK, N.A.**, or any successor corporate Trustee, shall receive as compensation for its services as Trustee the fees it normally charges to similar trusts under its regularly published fee schedule as the same may, from time to time, be amended, unless otherwise agreed in advance by such corporate Trustee.

(g) No successor Trustee shall be required to inquire into or audit the acts or doings of any predecessor Trustee or to make any claim against any such predecessor. Any successor

Trustee shall have and may exercise all of the powers, privileges, immunities and exemptions conferred on the Trustee of the subject trust as fully and to the same extent as if such successor Trustee had originally been named as a Trustee thereof.

(h) Should any successor Trustee be domiciled outside the State of Georgia, such Trustee shall not be authorized to remove the trust assets to the domicile of such Trustee without the express consent of the Secured Party, and shall at all times administer this trust from a physical location within the State of Georgia.

**ITEM XII**

The Trustee shall, at least annually, furnish to the Beneficiary a statement showing the property then held by the Trustee and the receipts and disbursements, but the Trustee shall not be required to make or file any inventory or appraisal or file annual or other returns or reports to any court or to give bond.

**ITEM XIII**

Anything in this agreement to the contrary notwithstanding, all property of this trust not otherwise vested under any provision hereof at the expiration of twenty-one (21) years after the death of the survivor of (i) me or (ii) last surviving descendant of my grandparents who was in life at the date of the execution of this agreement shall vest in and be distributed to the Persons then entitled to the income from this trust. The purpose of this provision is to prevent any possible violation of the rule against perpetuities, and this provision should be so construed.

**ITEM XIV**

Any reference in this agreement to a Trustee or Trustees shall be deemed to include the masculine, feminine or neuter gender, and the singular or plural number.

Any reference in this agreement to "**Business Day**" means a day of the year other than a Saturday or Sunday on which (i) commercial banks in New York City or Atlanta, Georgia are not authorized or required to be closed and (ii) dealings in dollar deposits are carried on in the London interbank market.

## ITEM XV

(a) In the management, care and disposition of this trust, the Trustee, and its successors in office, shall have the power to do all things and to execute such instruments as may be deemed necessary or proper to carry out the limited purpose of this trust, including the following powers, all of which may be exercised without order of or report to any court:

(i) To execute the Operating Agreement and to take all further actions necessary or proper to become and remain in full compliance therewith;

(ii) To employ attorneys, real estate brokers, accountants and other agents, if such employment be deemed appropriate, to rely reasonably on the advice of such agents, and to pay reasonable compensation for their services;

(iii) To compromise, settle or adjust any claim or demand by or against the trust and to agree to any rescission or modification of any contract or agreement affecting the trust;

(b) The Trustee may pay from the trust created hereunder all charges which the counsel to the trust advises the Trustee in writing is necessary or appropriate to comply with laws regulating the activities of the trust or otherwise, and may pay any liabilities of this trust and any liabilities, fines or penalties incurred by the Trustee, either in its fiduciary capacity or personally, on account of such conditions and arising out of the performance of its duties hereunder, other than any such charges which are directly caused by the gross negligence or willful misconduct of the Trustee.

(c) In making distributions from any trust created hereunder to or for the benefit of any minor or other Person under a legal disability, the Trustee shall pay or deliver the same to a legal guardian of such Person if one has already been appointed, or if not, to the parent or other Person with legal custody of such Person, and the Trustee shall have no duty to see to the use of such distribution for the benefit of such Person.

## ITEM XVI

The following provisions shall govern the Trustee's rights, powers, obligations and duties under this agreement, notwithstanding anything herein to the contrary:

(a) The Trustee undertakes to perform such duties, and only such duties, as are specifically set forth in this agreement. No implied covenants or obligations shall be read into this agreement.

(b) In the absence of bad faith on its part, the Trustee may conclusively rely upon certificates or opinions furnished to the Trustee in determining the truth of the statements and the correctness of the opinions contained therein.

(c) The Trustee shall not be personally liable or accountable to any beneficiary of this trust except for the Trustee's own grossly negligent action, grossly negligent failure to act or willful misconduct. In particular, but not by way of limitation (and subject to the exceptions set forth in the preceding sentence):

(i) The Trustee shall at no time have any responsibility or liability for or with respect to the legality, validity and enforceability of this agreement;

(ii) The Trustee shall not be liable with respect to any action taken or omitted to be taken by it in accordance with the instructions provided by the Protector;

(iii) No provision of this agreement shall require the Trustee to expend or risk funds or otherwise incur any financial liability in the performance of any of its rights or powers hereunder, if the Trustee shall have reasonable grounds for believing that repayment of such funds or adequate indemnity against such risk or liability is not reasonably assured or provided to it;

(iv) The Trustee shall not be responsible for or in respect of and makes no representation as to the validity or sufficiency of any provision of this agreement or for the due execution hereof by the grantor or for the form, character, genuineness, sufficiency, value or validity of any of the trust estate;

(v) The Trustee shall be entitled to rely, exclusively, without investigation or other action on its part, on directions, notices, advices and calculations received from the Protector, the Company, or with respect to any notice from the Funding Trust that any amount has been transferred to the Company and, in turn to the Trustee in error, and such reliance shall not constitute negligence or misconduct in connection with the Trustee's handling of funds or otherwise, and the Trustee shall not be personally liable or accountable to any Person, under any circumstances, by reason of such reliance;

(vi) The Trustee shall be under no obligation to institute, conduct or defend any litigation under this agreement or otherwise or in relation to this agreement, unless some other Person acceptable to the Trustee shall have offered to the Trustee security or indemnity reasonably satisfactory to it against the costs, expenses and liabilities that may be incurred by the Trustee therein or thereby. The right of the Trustee to perform any discretionary act enumerated in this agreement shall not be construed as a duty, and the Trustee shall not be personally liable or accountable for the performance of any such act except as specifically provided herein.

(vii) The Trustee shall not have any duty or obligation to manage, control, prepare, file or maintain any report, license or registration, use, sell, dispose of or otherwise deal with the trust estate, or otherwise to take or refrain from taking any action under or in connection with this agreement, the Financing Agreement or any other document or instrument, except as expressly required hereby or thereby;

(viii) The Trustee shall be under no obligation to appear in, prosecute or defend any action, or to take any other action other than the giving of notices, which in its opinion may require it to incur any out-of-pocket expense or any liability unless it shall be furnished with such security and indemnity against such expense or liability as it may reasonably require;

(ix) The Trustee shall incur no liability if, by reason of any provision of any present or future law or regulation thereunder, or by any force majeure event, including but not limited to natural disaster, war or other circumstances beyond its reasonable control, the Trustee shall be prevented or forbidden from doing or performing any act or thing which the terms of this agreement provide shall or may be done or performed, or by reason of any exercise of, or failure to exercise, any discretion provided for in this agreement;

(x) The Trustee shall not be required to take any action hereunder or in relation to the Financing Agreement or otherwise if the Trustee shall have reasonably determined, or shall have been advised by counsel, that such action is likely to result in liability on the part of the Trustee or is contrary to the terms hereof or is otherwise contrary to law.

(d) Whenever the Trustee is unable to decide between alternative courses of action permitted or required by the terms of this agreement, or is unsure as to the application, intent, interpretation or meaning of any provision of this agreement, the Trustee shall promptly give notice (in such form as shall be appropriate under the circumstances) to the Protector requesting instruction as to the course of action to be adopted, and, to the extent the Trustee acts in good faith in accordance with any such instruction from the Protector, the Trustee shall not be liable on account of such action to any Person. If the Trustee shall not have received appropriate instructions within ten calendar days of sending such notice (or within such shorter period of time as reasonably may be specified in such notice or may be necessary under the circumstances) it may, but shall be under no duty to, take or refrain from taking such action which is consistent, in its view, with this agreement, and the Trustee shall have no liability to any Person for any such action or inaction.

(e) The Trustee shall incur no liability to anyone in acting upon any signature, instrument, notice, resolution, request, consent, order, certificate, report, opinion, bond or other document or paper reasonably believed by it to be genuine and reasonably believed by it to be signed by the proper party or parties and need not investigate any fact or matter in any such document as long as the Trustee has otherwise satisfied its obligations under this agreement. The Trustee may accept a certified copy of a resolution of the board of directors or other governing body of any corporate party as conclusive evidence that such resolution has been duly adopted by such body and that the same is in full force and effect. As to any fact or matter the method of the determination of which is not specifically prescribed herein, the Trustee may for all purposes hereof rely on a certificate, signed by the president or any vice president or by the treasurer or other authorized officers of the relevant party, as to such fact or matter, and such certificate shall constitute full protection to the Trustee for any action taken or omitted to be taken by it in good faith in reliance thereon.

(f) In the exercise or administration of the trusts hereunder, in the exercise of its rights and powers and in the performance of its duties and obligations under this agreement, the Trustee: (i) may act directly or through its agents, attorneys, custodians or nominees pursuant to agreements entered into with any of them, and although the Trustee shall be responsible for all obligations of the Trustee hereunder, the Trustee shall not bc liable for the conduct or misconduct of such agents, attorneys, custodians or nominees if such agents, attorneys, custodians or nominees shall have been selected by the Trustee in good faith, and (ii) may consult with counsel, accountants and other skilled professionals to be selected in good faith and employed by it. The Trustee shall not be liable for anything done, suffered or omitted in good faith by it in accordance with the opinion or advice of any such counsel, accountants or other such Persons as long as no officer or agent of the Trustee has any actual knowledge that such opinion or advice is inappropriate or based on incorrect information.

(g) Indemnification. The trust shall indemnify, protect, save and hold the Trustee, its officers, directors, shareholders and employees and hold them harmless against, any and all loss, liability, obligation, damage, claim, penalty, tax (excluding any taxes on the Trustee on, or measured by, any compensation received by the Trustee) or expense of any kind or nature whatsoever arising out of or in connection with the creation, acceptance, operation or administration of this trust, including the costs and expenses of defending itself against any claim or liability in connection with the exercise or performance of any of its rights, powers or duties hereunder (each of the foregoing, a "Claim"); provided, however, the trust shall not be required to indemnify, protect, save and hold the Trustee harmless from any Claim (or portion thereof) resulting from gross negligence or bad faith on the Trustee's part. Upon the Trustee's becoming aware of the occurrence of an event that results in any loss, liability or expense to the Trustee, the Trustee shall promptly send written notice thereof to the Protector and the beneficiaries entitled to distributions of income from the trust. The indemnity contained in this Item XVI(g) shall survive the termination of this agreement.

## ITEM XVIII

(a) This agreement may be executed in one or more counterparts, all of which together shall constitute one instrument.

(b) Except as otherwise provided hereinabove, this trust shall be a Georgia trust and shall be governed under the laws of the state of Georgia.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed my seal and, to evidence acceptance of the trust herein created, the Trustee has caused this trust to be executed and its seal affixed hereto by its duly authorized officers or agents, this 8th day of November, 2004.

Signed, sealed, and delivered this _____ day of ____________, 20____ in the presence of:

Unofficial Witness

Notary Public [Affix Seal]

Commission Expires: ______________

SUSAN T. FAIVISH
Notary Public State of N.Y.
No. 01FA6067238
Qualified in Kings County
Comm. Expires 12/03/20 05

(SEAL)
**HELEN WILKENFELD,** Grantor

Signed, sealed, and delivered this 8 day of November, 2004 in the presence of:

Unofficial Witness

Notary Public [Affix Seal]

Commission Expires: December 12 2006

**WELLS FARGO BANK, N.A.,** as Trustee

By: ______________

Title: VP

[Seal]

Notary Public, Cobb County, Georgia
My Commission Expires Dec. 12, 2006



ATL 279416v1