**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| Brian Achenbach et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Liberty One Funding Trust,<br>Liberty Two Funding Trust,<br>Wells Fargo Bank, N.A., and Wells Fargo<br>Delaware Trust Company, N.A.,<br><br>Defendants. | |
| Liberty One Funding Trust, Liberty Two Funding Trust, Wells Fargo Bank, N.A., and Wells Fargo Delaware Trust Company, N.A.,<br><br>Counterclaimants,<br><br>v.<br><br>Brian Achenbach et al.,<br><br>Counterclaim-Defendants. | Case No. 1:23-cv-5483-MLB |

**WELLS FARGO BANK, N.A. AND WELLS FARGO DELAWARE TRUST COMPANY, N.A.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Wells Fargo Bank, N.A. ("Wells Fargo Bank") and Wells Fargo Delaware Trust Company, N.A. ("WFDTC" and, with Wells Fargo Bank, "Wells Fargo"), by and through the undersigned counsel, hereby file this Answer to Plaintiffs' Third Amended Complaint (the "TAC") filed by the

plaintiffs in the above-captioned action ("Plaintiffs" or the "Trust Beneficiaries") on or about September 29, 2026.[1]

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The TAC should be dismissed, in whole or in part, because it fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The TAC should be dismissed because it is not well-grounded in fact or warranted by law.

### THIRD DEFENSE

The TAC should be dismissed because Plaintiffs failed to comply with some or all of the prerequisites or administrative conditions precedent to the maintenance of a civil action.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of acquiescence, consent, estoppel, laches, *in pari delicto*, ratification, unclean hands, and/or waiver by reason of Plaintiffs' conduct and actions and/or the conduct and actions of the 34 senior citizens referenced in Paragraph 2 of the TAC (each individually, an "Insured," and collectively, the "Insureds").

[1] Wells Fargo submits this Answer subject to, and without waiver of, Wells Fargo's rights under the arbitration provisions (the "Arbitration Provisions") of the financing agreements referenced in Paragraph 58 of the TAC (the "Financing Agreements") and related transaction documents, and Wells Fargo's position that any timely claims asserted on behalf of the Insureds and/or Plaintiffs are required to be arbitrated. Nothing in this Answer, including the assertion of any defense or the demand for a jury trial is intended as, or should be construed as, a waiver of Wells Fargo's right to arbitrate any claim that is, or should be, asserted by or on behalf of Plaintiffs, the Insureds, their estates, or their personal representatives.

**FIFTH DEFENSE**

The TAC should be dismissed because, at all relevant times, Wells Fargo acted in good faith and had reasonable grounds for believing that Wells Fargo's acts and/or omissions, if any, were not violative of any applicable law.

**SIXTH DEFENSE**

The TAC should be dismissed because Wells Fargo fulfilled all obligations imposed upon it under all applicable laws.

**SEVENTH DEFENSE**

The TAC should be dismissed because Wells Fargo fulfilled all obligations imposed upon it under all applicable agreements.

**EIGHTH DEFENSE**

The TAC should be dismissed because Plaintiffs lack the capacity to sue and are not the real parties-in-interest.

**NINTH DEFENSE**

The TAC should be dismissed, in whole or in part, because Plaintiffs lack standing to assert all or some of their claims.

**TENTH DEFENSE**

Assuming *arguendo* that Plaintiffs have stated claims upon which relief otherwise may be granted and have standing to assert such claims, Plaintiffs' requests for relief are barred, in whole or in part, by breaches of representations and warranties contained in the Financing Agreements by the Insureds on whose lives the insurance policies referenced in Paragraph 2 of the TAC (each individually, a "Policy" and collectively, the "Policies") were purchased, Plaintiffs (who, to the extent that they have standing, stand in the shoes of the Insureds), and/or the Georgia trusts created

in the names of the Insureds referenced in Paragraph 4 of the TAC (each individually, an "Irrevocable Trust" and collectively, the "Irrevocable Trusts"), including, without limitation: (a) "this [Financing] Agreement and … other Financing Documents constitute legal, valid and binding obligations" of the limited liability company formed in the name of each Insured referenced in Paragraph 11 of the TAC (each individually, an "LLC" and, collectively, the "LLCs"); (b) the "execution and performance by the LLC of [the Financing] Agreement and the other Financing Documents to which it is a party do not and will not (1) violate, conflict with or result in the breach of any provision of its constitutive documents" or "(2) conflict with or cause a violation by the LLC of any Law or Governmental Order applicable to it or to any of its assets, properties or business"; (c) "no Person other than the LLC has or will have any interest in or claim to any Policy other than as expressly provided in [the Financing] Agreement"; (d) "[o]n the date of the Policy's issuance, the LLC and the member of the LLC had or will have an insurable interest in the life of the Insured under applicable Georgia law"; (e) "[t]he Manager and/or Special Manager of the LLC have read and underst[ood], and the LLC has signed or caused to be signed by the appropriate Person … each document in the Closing Package"; (f) the "Manager and/or Special Manager of the LLC have consulted with and received advice from attorneys, accountants and tax or other financial advisors of their choosing, have considered other options for financing the Policy, and have satisfied themselves that entering into this Agreement and the other Financing Documents and consummating the transactions contemplated by this Agreement and the other Financing Documents is in the best interest of the LLC" and the "LLC acknowledges that it has had [the Financing] Agreement for an amount of time to thoroughly analyze, discuss and receive advice from any professionals or anyone else of its choosing." TAC Ex. F § 3.01.

**ELEVENTH DEFENSE**

Assuming arguendo that Plaintiffs have stated claims upon which relief otherwise may be granted and have standing, Plaintiffs' requests for relief are barred in whole or in part by breaches of representations and warranties by certain Insureds (to be determined in discovery), including, without limitation, that: (a) "all material information provided by the Insured or which the Insured caused to be provided by any person to the Funding Trust or any insurer, reinsurer, insurance agent, or medical underwriters in connection with the issuance of any Policy, Annuity, [the Financing] Agreement or any other Financing Document is complete and accurate in all material respects as of the date when delivered, including the information contained in the Closing Package" and that the Insured did "not have any knowledge that any representation made by the Borrower Trust in Section 3.01(f)" of the Financing Agreement was "false or misleading." TAC Ex. F § 3.02(f). Such breaches also constitute Events of Default under the Financing Agreements. *Id.* § 6.01(3).

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by release.

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by accord and satisfaction.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because neither Plaintiffs nor the Insureds suffered any cognizable injury or damages that are fairly traceable to any act or omission by Wells Fargo.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because each Policy was supported by a valid insurable interest at the time it was issued.

**SIXTEENTH DEFENSE**

Plaintiffs' requests for relief against Wells Fargo are barred, in whole or in part, because Wells Fargo has never received or retained, in its individual capacity, any portion of the proceeds from any of the Policies.

**SEVENTEENTH DEFENSE**

Plaintiffs' requests for relief are barred, in whole or in part, because, to the extent Wells Fargo held any Policy or Policy proceeds as securities intermediary on behalf of its customers, Wells Fargo transferred those financial assets under effective entitlement orders. Uniform Commercial Code ("U.C.C.") § 8-115.

**EIGHTEENTH DEFENSE**

Plaintiffs' requests for relief are barred in whole or in part by failure to join necessary parties, including, without limitation, the estates of the Insureds and their personal representatives and/or special representatives.

**NINETEENTH DEFENSE**

Plaintiffs' requests for relief are barred in whole or in part by offset of premiums paid, plus interest, and transaction costs advanced by Defendants.

**TWENTIETH DEFENSE**

Plaintiffs' requests for relief are barred in whole or in part by the Insureds' fraudulent inducement of Defendants.

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the National Bank Act and its implementing regulations because application of the insurable interest statute on which Plaintiffs

rely would prevent or significantly interfere with Wells Fargo's exercise of its federally authorized banking and fiduciary powers.

**TWENTY-SECOND DEFENSE**

Assuming arguendo that Plaintiffs are entitled to the recovery of any damages, such recovery is limited to each Policy's death benefit less the sum of all premiums paid to the insurer by anyone other than the Insureds or Plaintiffs based on an unjust enrichment and restitution theory. If a Plaintiff were permitted to recover the Policy's death benefit without an offset, the result would constitute an unjust enrichment of a benefit to the loss of Wells Fargo, or the retention of money or property against the fundamental principles of justice or equity or good conscience. *See* Restatement (Second) of Contracts § 197 (disproportionate forfeiture); *id.* § 198 (excusable ignorance and comparative fault); *id.* § 199 (restitution contrary to public interest).

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or by the contestability period set forth in each Policy.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were caused by the acts and/or omissions of third parties over whom Wells Fargo has no legal responsibility or control.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' requests for relief are barred, in whole or in part, because Plaintiffs have failed to plead or prove the existence of facts that would justify an award of compensatory and/or punitive damages.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' requests for relief are barred, in whole or in part, because assuming, arguendo, Plaintiffs have suffered damages, Plaintiffs failed to mitigate such damages.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' requests for relief are barred, in whole or in part, because Plaintiffs have failed to plead or prove facts that would justify an award of attorneys' fees.

**TWENTY-EIGHTH DEFENSE**

Wells Fargo denies that it is liable to any of the Plaintiffs, but to the extent that Wells Fargo and one or more of the other Defendants are found to have any liability to any or all of the Plaintiffs, such liability cannot be joint and several, because Plaintiffs' claims are predicated on an alleged lack of insurable interest and therefore equitable rather than legal in nature.

**TWENTY-NINTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the Insureds voluntarily and knowingly participated in the Program, executed the transaction documents with the benefit of independent legal and financial advice, and consented to the terms and structure of the transactions.

**THIRTIETH DEFENSE**

Plaintiffs' RICO claims fail because: (a) Wells Fargo did not commit any predicate acts of racketeering as defined in 18 U.S.C. § 1961; (b) there is no statutory or other basis to treat premium financing transactions as criminal conduct under any state law or any applicable federal criminal statute; (c) there was no material misrepresentation or intent to defraud, as the Insureds were provided with disclosures, projections of benefits, and independent legal and financial advice; (d) no person engaged in a transaction involving a Program policy has ever been criminally prosecuted; (e) there was no "enterprise" separate and apart from the legitimate business activities

of the entities involved; (f) there was no "pattern" of racketeering activity; (g) Plaintiffs have suffered no cognizable injury because the Trust Beneficiaries invested no money and received the amounts contemplated under the transaction documents; and (h) any alleged injury was not caused by Wells Fargo's conduct.

**THIRTY-FIRST DEFENSE**

Plaintiffs are not entitled to equitable relief, including the imposition of a constructive trust, because they have not established the elements necessary for such relief.

**THIRTY-SECOND DEFENSE**

Some or all of Plaintiffs' claims, including any claims asserted by or on behalf of the Insureds, their estates, or their personal representatives, are subject to mandatory arbitration under the Arbitration Provisions and must be resolved in arbitration rather than in this Court. Wells Fargo does not waive, and expressly preserves, its right to seek arbitration of such claims.

Wells Fargo reserves the right to assert additional defenses as discovery proceeds.

**ANSWER**

Subject to the above-stated defenses, Wells Fargo answers the specific allegations of the TAC as set forth below. All allegations not specifically admitted herein are denied.

As to Plaintiffs' Jury Demand, Wells Fargo admits that Plaintiffs seek a trial by jury on all issues so triable but denies that Wells Fargo committed any act or omitted to perform any act giving rise to a legitimate cause of action against it. Except as expressly admitted above, Wells Fargo denies all allegations of Plaintiffs' Jury Demand within the TAC.

1. Wells Fargo denies the allegations in Paragraph 1 of the TAC.

2. Wells Fargo denies the allegations in Paragraph 2 of the TAC.

3. Wells Fargo denies the allegations in Paragraph 3 of the TAC.

4. Wells Fargo denies the allegations in the first, second, and fourth sentences of Paragraph 4 of the TAC. Wells Fargo denies the allegations in the third sentence of Paragraph 4 of the TAC, except admits that there were some instances in which the trust agreements for the Irrevocable Trusts named certain of the Plaintiffs as beneficiaries and there were some instances in which the Irrevocable Trusts named other secondary trusts as beneficiaries.

i. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(i) of the TAC, except admits that a Policy was taken out on Walter Achenbach's life through the Program and that in connection with the Policy taken out on Walter Achenbach's life, the Achenbach Family Georgia Irrevocable Trust was created, and avers that the allegation in Paragraph 4(i) of the TAC that the listed persons are proper Plaintiffs constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

ii. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(ii) of the TAC, except admits that a Policy was taken out on Dana Belser's life through the Program and that in connection with the Policy taken out on Dana Belser's life, the Dana C. Belser 2004 Family Irrevocable Trust was created, and avers that the allegation in Paragraph 4(ii) of the TAC that the listed persons are proper Plaintiffs constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

iii. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(iii) of the TAC, except admits that

a Policy was taken out on Angelo Costanza's life through the Program and that in connection with the Policy taken out on Angelo Costanza's life, the Angelo Costanza 2004 Insurance Irrevocable Trust was created, and avers that the allegation in Paragraph 4(iii) of the TAC that the listed persons are proper Plaintiffs constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

iv. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(iv) of the TAC, except admits that a Policy was taken out on Stanley Darrow's life through the Program and that in connection with the Policy taken out on Stanley Darrow's life, the Stanley Darrow 2004 Insurance Irrevocable Trust was created, and avers that the allegation in Paragraph 4(iv) of the TAC that the listed persons are proper Plaintiffs constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

v. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(v) of the TAC, except admits that a Policy was taken out on Henry Flock's life through the Program and that in connection with the Policy taken out on Henry Flock's life, the Flock Irrevocable Living Trust was created, and avers that the allegation in Paragraph 4(v) of the TAC that the listed persons are proper Plaintiffs constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

vi. Wells Fargo avers that Jay Grimm Jr. has been dismissed as a Plaintiff and therefore no response to Paragraph 4(vi) of the TAC is required, and to the extent a response is required, denies the allegations in the first sentence of Paragraph 4(vi) of the TAC and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

vii. Wells Fargo avers that Robert Krakovitz has been dismissed as a Plaintiff and therefore no response to Paragraph 4(vii) of the TAC is required, and to the extent a response is required, denies the allegations in the first sentence of Paragraph 4(vii) of the TAC and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

viii. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(viii) of the TAC, except admits that a Policy was taken out on Victor Malka's life through the Program and that in connection with the Policy taken out on Victor Malka's life, the Victor Malka 2005 Irrevocable Trust was created, and avers that the allegation in Paragraph 4(viii) of the TAC that Moshe Malka is a proper Plaintiff constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

ix. Wells Fargo avers that Leon Malnik has been dismissed as a Plaintiff and therefore no response to Paragraph 4(ix) of the TAC is required, and to the extent a response is required, denies the allegations in the first sentence of Paragraph 4(ix) of the TAC and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

x. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(x) of the TAC, except admits that a Policy was taken out on Helen Wilkenfeld's life through the Program and that in connection with the Policy taken out on Helen Wilkenfeld's life, the HSW Family Irrevocable Trust was created, and avers that the allegation in Paragraph 4(x) of the TAC that Barry Septimus is a proper Plaintiff constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xi. Wells Fargo avers that Phyllis Sifen Turner has been dismissed as a Plaintiff and therefore no response to Paragraph 4(xi) of the TAC is required, and to the extent a response is required, denies the allegations in the first sentence of Paragraph 4(xi) of the TAC and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

xii. Wells Fargo avers that Burr Phillips, Kent Davis, Gabe Irving, and Sydney Phillips Atkinson have been dismissed as Plaintiffs and therefore no response to Paragraph 4(xii) of the TAC is required, and to the extent a response is required, denies the allegations in the first sentence of Paragraph 4(xii) of the TAC and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

xiii. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xiii) of the TAC, except admits that a Policy was taken out on Milton Dienes' life through the Program and that in connection with the Policy taken out on Milton Dienes' life, the Milton Dienes 2004

Insurance Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xiii) of the TAC that Garry Dienes is a proper Plaintiff constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xiv. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xiv) of the TAC, except admits that a Policy was taken out on Helen Samson's life through the Program and that in connection with the Policy taken out on Helen Samson's life, the Samson Family Georgia Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xiv) of the TAC that the listed persons are proper Plaintiffs constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xv. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xv) of the TAC, except admits that a Policy was taken out on Mark Wodlinger's life through the Program and that in connection with the Policy taken out on Mark Wodlinger's life, the Wodlinger Georgia Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xv) of the TAC that the listed persons are proper Plaintiffs constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xvi. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xvi) of the TAC, except admits that a Policy was taken out on Richard Hegner's life through the Program and that in

connection with the Policy taken out on Richard Hegner's life, the Richard Hegner Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xvi) of the TAC that the listed persons are proper Plaintiffs constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xvii. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xvii) of the TAC, except admits that a Policy was taken out on Herbert Gaynor's life through the Program and that in connection with the Policy taken out on Herbert Gaynor's life, the Herbert Gaynor Family Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xvii) of the TAC that the listed persons are proper Plaintiffs constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xviii. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xviii) of the TAC, except admits that a Policy was taken out on Betty Lane's life through the Program and that in connection with the Policy taken out on Betty Lane's life, the Lane Family Georgia Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xviii) of the TAC that Richard Lane is a proper Plaintiff constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xix. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xix) of the TAC, except admits that

a Policy was taken out on Robert Schehr's life through the Program and that in connection with the Policy taken out on Robert Schehr's life, the Robert J. Schehr Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xix) of the TAC that Brian Schehr is a proper Plaintiff constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xx. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xx) of the TAC, except admits that a Policy was taken out on Frank Crerie's life through the Program and that in connection with the Policy taken out on Frank Crerie's life, the Frank Crerie Family Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xx) of the TAC that the listed persons are proper Plaintiffs constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xxi. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xxi) of the TAC, except admits that a Policy was taken out on James Donald Tomberlin's life through the Program and that in connection with the Policy taken out on James Donald Tomberlin's life, the Tomberlin Family Georgia Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xxi) of the TAC that the listed persons are proper Plaintiffs constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xxii. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xxii) of the TAC, except admits that a Policy was taken out on Gilbert Rooney's life through the Program and that in connection with the Policy taken out on Gilbert Rooney's life, the Gib R. Rooney Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xxii) of the TAC that the listed persons are proper Plaintiffs constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xxiii. Wells Fargo avers that Moshe Mark Feldman, Sara Reichman, and Leah Schachter have been dismissed as Plaintiffs and therefore no response to Paragraph 4(xxiii) of the TAC is required, and to the extent a response is required, denies the allegations in the first sentence of Paragraph 4(xxiii) of the TAC and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

xxiv. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xxiv) of the TAC, except admits that a Policy was taken out on Leah Bethill-Betensky's life through the Program and that in connection with the Policy taken out on Leah Bethill-Betensky's life, the Leah Bethill-Betensky Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xxiv) of the TAC that Fern Portnoy is a proper Plaintiff constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xxv. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xxv) of the TAC, except admits that a Policy was taken out on James Gillis' life through the Program and that in connection with the Policy taken out on James Gillis' life, the James Gillis Family Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xxv) of the TAC that the listed persons are proper Plaintiffs constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xxvi. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xxvi) of the TAC, except admits that a Policy was taken out on Joseph Eblen's life through the Program and that in connection with the Policy taken out on Joseph Eblen's life, the J. Eblen Family Georgia Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xxvi) of the TAC that the listed persons are proper Plaintiffs constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xxvii. Wells Fargo avers that Cheryl DeCinces Carter has been dismissed as a Plaintiff and therefore no response to Paragraph 4(xxvii) of the TAC is required, and to the extent a response is required, denies the allegations in the first sentence of Paragraph 4(xxvii) of the TAC and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

xxviii. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xxviii) of the TAC, except admits

that a Policy was taken out on Rosemary Bedinghaus' life through the Program and that in connection with the Policy taken out on Rosemary Bedinghaus' life, the Bedinghaus Family Georgia Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xxviii) of the TAC that the listed persons are proper Plaintiffs constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xxix. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xxix) of the TAC, except admits that a Policy was taken out on Edward Wirkowski's life through the Program and that in connection with the Policy taken out on Edward Wirkowski's life, the Wirkowski Family Georgia Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xxix) of the TAC that the listed persons are proper Plaintiffs constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xxx. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xxx) of the TAC, except admits that a Policy was taken out on Ann Selby's life through the Program and that in connection with the Policy taken out on Ann Selby's life, the Selby Family Georgia Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xxx) of the TAC that Paul Selby is a proper Plaintiff constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xxxi. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xxxi) of the TAC, except admits that a Policy was taken out on Julius Neumann's life through the Program and that in connection with the Policy taken out on Julius Neumann's life, the Julius Neumann Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xxxi) of the TAC that the listed persons are proper Plaintiffs constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xxxii. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xxxii) of the TAC, except admits that a Policy was taken out on Helen Greeley's life through the Program and that in connection with the Policy taken out on Helen Greeley's life, the Helen B. Greeley Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xxxii) of the TAC that Jeffrey Cotter is a proper Plaintiff constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xxxiii. Wells Fargo denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4(xxxiii) of the TAC, except admits that a Policy was taken out on Samuel Romano's life through the Program and that in connection with the Policy taken out on Samuel Romano's life, the Romano Family Georgia Irrevocable Trust was created, and avers that the allegation in Paragraph 4(xxiii) of the TAC that the listed persons are proper Plaintiffs

constitutes a legal conclusion to which no response is required and, to the extent a response is required, denies that allegation.

xxxiv. Wells Fargo avers that Richard Dudley and John Dudley have been dismissed as Plaintiffs and therefore no response to Paragraph 4(xxxiv) of the TAC is required, and to the extent a response is required, denies the allegations in the first sentence of Paragraph 4(xxxiv) of the TAC and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations.

5. Wells Fargo admits the allegations in Paragraph 5 of the TAC.

6. Wells Fargo admits the allegations in Paragraph 6 of the TAC.

7. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the TAC.

8. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the TAC.

9. Wells Fargo admits the allegations in Paragraph 9 of the TAC.

10. Wells Fargo admits the allegations in Paragraph 10 of the TAC.

11. Wells Fargo denies the allegations in Paragraph 11 of the TAC, except admits that Wells Fargo Bank served as the Georgia Trustee of Liberty One Funding Trust and Liberty Two Funding Trust; as Trustee of Liberty One SPIA Trust and Liberty Two SPIA Trust (the "SPIA Trusts"); as Trustee of the Irrevocable Trusts formed in the names of the Insureds; and as Manager of the Georgia LLCs created in the name of each Insured.

12. Wells Fargo admits the allegations in Paragraph 12 of the TAC.

13. Wells Fargo avers that Paragraph 13 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 13 of the TAC.

14. Wells Fargo avers that Paragraph 14 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 14 of the TAC except admits that Liberty One Funding Trust ("Liberty One"), Liberty Two Funding Trust ("Liberty Two" and, with Liberty One, the "Funding Trusts"), Wells Fargo Bank, and WFDTC (with Liberty One, Liberty Two, and Wells Fargo Bank, "Defendants") previously consented to personal jurisdiction in Georgia concerning this dispute.

15. Wells Fargo avers that Paragraph 15 of the TAC contains legal conclusions to which no response is required.

16. Wells Fargo avers that Paragraph 16 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 16 of the TAC except admits that the quoted opinion contains the quoted text and respectfully refers the Court to the quoted opinion for a complete and accurate understanding of its contents.

17. Wells Fargo avers that Paragraph 17 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 17 of the TAC and respectfully refers the Court to the opinion cited therein for a complete and accurate understanding of its contents.

18. Wells Fargo avers that Paragraph 18 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 18 of the TAC except admits that the quoted opinions contain the quoted

text and respectfully refers the Court to the quoted opinions for a complete and accurate understanding of their contents.

19. Wells Fargo avers that Paragraph 19 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 19 of the TAC except admits that the quoted opinion contains the quoted text and respectfully refers the Court to the quoted opinion for a complete and accurate understanding of its contents.

20. Wells Fargo avers that Paragraph 20 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 20 of the TAC except admits that the quoted statute contains the quoted text and respectfully refers the Court to the quoted statute for a complete and accurate understanding of its contents.

21. Wells Fargo avers that Paragraph 21 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 21 of the TAC except admits that the quoted opinion contains the quoted text and respectfully refers the Court to the quoted opinion for a complete and accurate understanding of its contents.

22. Wells Fargo avers that Paragraph 22 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 22 of the TAC except admits that the quoted opinion contains the quoted text and a citation to the cited statute and respectfully refers the Court to the quoted opinion and cited statute for a complete and accurate understanding of their contents.

23. Wells Fargo avers that Paragraph 23 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 23 of the TAC except admits that the quoted statute contains the quoted text and respectfully refers the Court to the quoted statute for a complete and accurate understanding of its contents.

24. Wells Fargo avers that Paragraph 24 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 24 of the TAC except admits that the quoted opinions contain the quoted text and a citation to the cited statute and respectfully refers the Court to the quoted opinions for a complete and accurate understanding of their contents.

25. Wells Fargo avers that Paragraph 25 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 25 of the TAC except admits that the quoted opinion contains the quoted text and respectfully refers the Court to the quoted opinion for a complete and accurate understanding of its contents.

26. Wells Fargo avers that Paragraph 26 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 26 of the TAC and respectfully refers the Court to the statute cited therein for a complete and accurate understanding of its contents.

27. Wells Fargo denies the allegations in Paragraph 27 of the TAC.

28. Wells Fargo avers that Paragraph 28 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 28 of the TAC.

29. Wells Fargo avers that Paragraph 29 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 29 of the TAC except admits that the quoted opinion contains the quoted text and respectfully refers the Court to the quoted opinion for a complete and accurate understanding of its contents.

30. Wells Fargo avers that Paragraph 30 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 30 of the TAC.

31. Wells Fargo avers that Paragraph 31 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 31 of the TAC and respectfully refers the Court to the opinion cited therein for a complete and accurate understanding of its contents.

32. Wells Fargo denies the allegations in Paragraph 32 of the TAC.

33. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the TAC.

34. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the TAC.

35. Wells Fargo admits the allegations in Paragraph 35 of the TAC.

36. Wells Fargo avers that Paragraph 36 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the TAC and respectfully refers the Court to the opinion cited therein for a complete and accurate understanding of its contents.

37. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the TAC.

38. Wells Fargo avers that Paragraph 38 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 38 of the TAC except admits that the quoted opinions contain the quoted text and respectfully refers the Court to the quoted opinions for a complete and accurate understanding of their contents.

39. Wells Fargo denies the allegations in Paragraph 39 of the TAC.

40. Wells Fargo denies the allegations in Paragraph 40 of the TAC.

41. Wells Fargo avers that Paragraph 41 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 41 of the TAC.

42. Wells Fargo denies the allegations in Paragraph 42 of the TAC.

43. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the TAC.

44. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 of the TAC.

45. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 of the TAC.

46. Wells Fargo denies the allegations in Paragraph 46 of the TAC.

47. Wells Fargo denies the allegations in Paragraph 47 of the TAC.

48. Wells Fargo denies the allegations in Paragraph 48 of the TAC.

49. Wells Fargo denies the allegations in Paragraph 49 of the TAC.

50. Wells Fargo denies the allegations in Paragraph 50 of the TAC.

51. Wells Fargo denies the allegations in Paragraph 51 of the TAC.

52. Wells Fargo denies the allegations in Paragraph 52 of the TAC.

53. Wells Fargo denies the allegations in Paragraph 53 of the TAC except admits that page 36, lines 17-19 of Exhibit A to the TAC contain the phrase "underutilized insurance capacity" and respectfully refers the Court to Exhibit A to the TAC for a complete and accurate understanding of its contents.

54. Wells Fargo denies the allegations in Paragraph 54 of the TAC.

55. Wells Fargo denies the allegations in Paragraph 55 of the TAC.

56. Wells Fargo denies the allegations in Paragraph 56 of the TAC.

57. Wells Fargo denies the allegations in Paragraph 57 of the TAC.

58. Wells Fargo denies the allegations in Paragraph 58 of the TAC except admits that the Insureds signed Financing Agreements and signed certain materials relating to the Liberty Premium Finance Program.

59. Wells Fargo denies the allegations in Paragraph 59 of the TAC and respectfully refers the Court to Exhibit B to the TAC for a complete and accurate understanding of its contents.

60. Wells Fargo denies the allegations in Paragraph 60 of the TAC except admits that Exhibit B to the TAC contains the quoted text and respectfully refers the Court to Exhibit B to the TAC for a complete and accurate understanding of its contents.

61. Wells Fargo denies the allegations in Paragraph 61 of the TAC except admits that Exhibit B to the TAC contains the quoted text and respectfully refers the Court to Exhibit B to the TAC for a complete and accurate understanding of its contents.

62. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 of the TAC except admits that Exhibit B to the TAC contains the quoted text and respectfully refers the Court to Exhibits A and B to the TAC for a complete and accurate understanding of their contents.

63. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 of the TAC except admits that Exhibit B to the TAC contains the quoted text and respectfully refers the Court to Exhibit B to the TAC for a complete and accurate understanding of its contents.

64. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 of the TAC except admits that Exhibit B to the TAC contains the quoted text and respectfully refers the Court to Exhibit B to the TAC for a complete and accurate understanding of its contents.

65. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 of the TAC.

66. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 of the TAC.

67. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 of the TAC.

68. Wells Fargo avers that Paragraph 68 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 of the TAC.

69. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69 of the TAC.

70. Wells Fargo avers that Paragraph 70 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 70 of the TAC except admits that the quoted opinion contains the quoted text and respectfully refers the Court to the quoted opinion for a complete and accurate understanding of its contents.

71. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71 of the TAC except admits that each of the Insureds signed documents creating an Irrevocable Trust in the Insured's name and an LLC in the Insured's name and respectfully refers the Court to Exhibits C and D to the TAC for a complete and accurate understanding of their contents.

72. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72 of the TAC except admits that Wells Fargo Bank was the trustee of the Irrevocable Trusts and respectfully refers the Court to Exhibit C to the TAC for a complete and accurate understanding of its contents.

73. Wells Fargo denies the allegations in Paragraph 73 of the TAC except admits that some of the trust agreements for the Irrevocable Trusts identified some of the Trust Beneficiaries as beneficiaries and respectfully refers the Court to Exhibit C to the TAC for a complete and accurate understanding of its contents.

74. Wells Fargo denies the allegations in Paragraph 74 of the TAC.

75. Wells Fargo denies the allegations in Paragraph 75 of the TAC except admits that Wells Fargo Bank was the Manager of the LLC in each respective Insured's name and respectfully refers the Court to Exhibit C to the TAC for a complete and accurate understanding of its contents.

76. Wells Fargo denies the allegations in Paragraph 76 of the TAC except admits that Wells Fargo Bank was the Manager of the LLC in each Insured's name, that the Irrevocable Trust established for each Insured owned the member interest in the LLC in that Insured's name, and that each Insured signed an Operating Agreement, and respectfully refers the Court to Exhibit D to the TAC for a complete and accurate understanding of its contents.

77. Wells Fargo denies the allegations in Paragraph 77 of the TAC.

78. Wells Fargo denies the allegations in Paragraph 78 of the TAC.

79. Wells Fargo denies the allegations in Paragraph 79 of the TAC except admits that the sole members and owners of each LLC were the Irrevocable Trusts and that some of the Trust Beneficiaries of some of the Irrevocable Trusts were family members of certain Insureds.

80. Wells Fargo denies the allegations in Paragraph 80 of the TAC and respectfully refers the Court to Exhibit E to the TAC for a complete and accurate understanding of its contents.

81. Wells Fargo denies the allegations in Paragraph 81 of the TAC and respectfully refers the Court to Exhibit E to the TAC for a complete and accurate understanding of its contents.

82. Wells Fargo denies the allegations in Paragraph 82 of the TAC.

83. Wells Fargo denies the allegations in Paragraph 83 of the TAC except admits that Wells Fargo Bank was the trustee of each of the Irrevocable Trusts and Manager of each of the LLCs.

84. Wells Fargo denies the allegations in Paragraph 84 of the TAC.

85. Wells Fargo denies the allegations in Paragraph 85 of the TAC except admits that Wells Fargo Bank was the Georgia Trustee of the Funding Trusts and the SPIA Trusts, and WFDTC was the Statutory Trustee of the Funding Trusts and Trustee of the Liberty One Master Trust and Liberty Two Master Trust (with the Liberty One Master Trust, the "Master Trusts").

86. Wells Fargo denies the allegations in Paragraph 86 of the TAC.

87. Wells Fargo denies the allegations in Paragraph 87 of the TAC except admits that Wells Fargo Bank was the trustee of each of the Irrevocable Trusts and Manager of each of the LLCs.

88. Wells Fargo denies the allegations in Paragraph 88 of the TAC.

89. Wells Fargo denies the allegations in Paragraph 89 of the TAC and respectfully refers the Court to Exhibit A to the TAC for a complete and accurate understanding of its contents.

90. Wells Fargo denies the allegations in Paragraph 90 of the TAC except admits that each of the Insureds signed a Financing Agreement and respectfully refers the Court to Exhibit F to the TAC for a complete and accurate understanding of its contents.

91. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91 of the TAC.

92. Wells Fargo respectfully refers the Court to the Financing Agreements, which speak for themselves.

93. Wells Fargo respectfully refers the Court to the Financing Agreements, which speak for themselves.

94. Wells Fargo respectfully refers the Court to the Financing Agreements, which speak for themselves.

95. Wells Fargo avers that Paragraph 95 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 95 of the TAC.

96. Wells Fargo respectfully refers the Court to Exhibit F to the TAC, which speaks for itself.

97. Wells Fargo respectfully refers the Court to Exhibit F to the TAC, which speaks for itself.

98. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98 of the TAC except admits that the Financing Agreement attached as Exhibit F to the TAC was effective prior to the date that a $6 million Policy on Ms. Wilkenfeld's life was made.

99. Wells Fargo denies the allegations in Paragraph 99 of the TAC except admits the Financing Agreement relating to Helen Wilkenfeld attached as Exhibit F to the TAC provided for a "Maturity Date Payment" of $5,244,624 to Liberty had she passed away immediately upon the Policy becoming effective and respectfully refers the Court to Exhibit F to the TAC for a complete and accurate understanding of its contents.

100. Wells Fargo denies the allegations in Paragraph 100 of the TAC except admits that Exhibit B to the TAC contains the quoted text and respectfully refers the Court to Exhibit B and Appendix 1 to the TAC for a complete and accurate understanding of their contents.

101. Wells Fargo denies the allegations in Paragraph 101 of the TAC.

102. Wells Fargo denies the allegations in Paragraph 102 of the TAC except admits that the Insureds each signed applications for SPIAs.

103. Wells Fargo denies the allegations in Paragraph 103 of the TAC except admits that Exhibits G and H to the TAC are SPIA applications, that the space for "Single Premium Paid with Application" is blank on Exhibit G, and that the space for "Single Premium Paid with Application" on Exhibit H has $4,515,000 written in it, and respectfully refers the Court to Exhibits G and H and Appendix 2 to the TAC for a complete and accurate understanding of their contents.

104. Wells Fargo respectfully refers the Court to Exhibit H to the TAC, which speaks for itself.

105. Wells Fargo denies the allegations in Paragraph 105 of the TAC.

106. Wells Fargo denies the allegations in Paragraph 106 of the TAC.

107. Wells Fargo denies the allegations in Paragraph 107 of the TAC and respectfully refers the Court to Exhibit I to the TAC for a complete and accurate understanding of its contents.

108. Wells Fargo denies the allegations in Paragraph 108 of the TAC except admits that a $6 million Policy was procured on Ms. Wilkenfeld's life for which the monthly premiums were roughly $43,000.

109. Wells Fargo denies the allegations in Paragraph 109 of the TAC except admits that, during the life of each Insured, Liberty and Wells Fargo (as Liberty's trustee) provided Wells Fargo (as Manager of the LLCs) with Annual Statements of the Total Amount Due to Liberty out of each Policy's death benefit.

110. Wells Fargo respectfully refers the Court to Exhibits J, K, and L to the TAC, which speak for themselves.

111. Wells Fargo denies the allegations in Paragraph 111 of the TAC and respectfully refers the Court to Appendix 3 to the TAC for a complete and accurate understanding of its contents.

112. Wells Fargo admits the allegations in Paragraph 112 of the TAC.

113. Wells Fargo denies the allegations in Paragraph 113 of the TAC except admits that Ms. Wilkenfeld passed and that Wells Fargo Bank was the Manager of the LLC created in connection with the Wilkenfeld transaction.

114. Wells Fargo admits the allegations in Paragraph 114 of the TAC.

115. Wells Fargo respectfully refers the Court to Exhibit M to the TAC, which speaks for itself.

116. Wells Fargo respectfully refers the Court to Exhibits N and O to the TAC, which speak for themselves.

117. Wells Fargo avers that Paragraph 117 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 117 of the TAC except admits that Wells Fargo Bank was the trustee of the Irrevocable Trusts and that the quoted opinion contains the quoted text and respectfully refers the Court to the quoted opinion and the other opinion cited in Paragraph 117 of the TAC for a complete and accurate understanding of their contents.

118. Wells Fargo avers that Paragraph 118 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 118 of the TAC.

119. Wells Fargo avers that Paragraph 119 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 119 of the TAC.

120. Wells Fargo avers that Paragraph 120 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 120 of the TAC.

121. Wells Fargo denies the allegations in Paragraph 121 of the TAC.

122. Wells Fargo denies the allegations in Paragraph 122 of the TAC.

123. Wells Fargo hereby incorporates by reference each and every response to each and every allegation contained in the preceding paragraphs as if set forth herein at length.

124. Wells Fargo denies the allegations in Paragraph 124 of the TAC.

125. Wells Fargo denies the allegations in Paragraph 125 of the TAC.

126. Wells Fargo denies the allegations in Paragraph 126 of the TAC except admits that, with respect to each Insured, a Georgia LLC was formed in their name, the Insured and the LLC signed a Financing Agreement with Liberty and Wells Fargo Bank, a Policy on the Insured's life was procured, and a SPIA was purchased on each Insured's life.

127. Wells Fargo denies the allegations in Paragraph 127 of the TAC except admits that each Insured has passed away and, following their deaths, the death benefit of a Policy on each of their lives was paid to the LLCs formed in the Insureds' names.

128. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 128 of the TAC.

129. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 129 of the TAC.

130. Wells Fargo avers that Paragraph 130 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 130 of the TAC.

131. Wells Fargo hereby incorporates by reference each and every response to each and every allegation contained in the preceding paragraphs as if set forth herein at length.

132. Wells Fargo avers that Paragraph 132 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 132 of the TAC except admits that the quoted statute contains the quoted text and respectfully refers the Court to the quoted statute for a complete and accurate understanding of its contents.

133. Wells Fargo avers that Paragraph 133 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 133 of the TAC except admits that the quoted opinion contains the quoted text and respectfully refers the Court to the quoted opinion for a complete and accurate understanding of its contents.

134. Wells Fargo avers that Paragraph 134 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 134 of the TAC except admits that the quoted statute and opinions contain the quoted text and respectfully refers the Court to the quoted statute and opinions for a complete and accurate understanding of their contents.

135. Wells Fargo avers that Paragraph 135 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 135 of the TAC.

136. Wells Fargo avers that Paragraph 136 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 136 of the TAC.

137. Wells Fargo avers that Paragraph 137 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 137 of the TAC except admits that the quoted opinion contains the quoted text and respectfully refers the Court to the quoted opinion and the other opinion and statute cited in Paragraph 137 of the TAC for a complete and accurate understanding of their contents.

138. Wells Fargo denies the allegations in Paragraph 138 of the TAC.

139. Wells Fargo avers that Paragraph 139 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 139 of the TAC.

140. Wells Fargo avers that Paragraph 140 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 140 of the TAC.

141. Wells Fargo denies the allegations in Paragraph 141 of the TAC.

142. Wells Fargo avers that Paragraph 142 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 142 of the TAC except admits that the quoted statute contains the quoted text and respectfully refers the Court to the quoted statute and the cited opinion for a complete and accurate understanding of their contents.

143. Wells Fargo avers that Paragraph 143 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 143 of the TAC except admits that the quoted statute contains the quoted text and respectfully refers the Court to the quoted statute for a complete and accurate understanding of its contents.

144. Wells Fargo avers that Paragraph 144 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 144 of the TAC except admits that the quoted opinion contains the quoted text and respectfully refers the Court to the quoted opinion for a complete and accurate understanding of its contents.

145. Wells Fargo avers that Paragraph 145 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 145 of the TAC except admits that the quoted statute contains the quoted text and respectfully refers the Court to the quoted statute for a complete and accurate understanding of its contents.

146. Wells Fargo avers that Paragraph 146 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 146 of the TAC.

147. Wells Fargo avers that Paragraph 147 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies that the Policies are void *ab initio* and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 147 of the TAC.

148. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 148 of the TAC except admits that there was a $6 million Policy on Ms. Wilkenfeld's life.

149. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 149 of the TAC except admits that the Policy on Ms. Wilkenfeld's life had a $6 million death benefit.

150. Wells Fargo admits the allegations in the first sentence of Paragraph 150 of the TAC. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 150 of the TAC.

151. Wells Fargo admits the allegations in the first sentence of Paragraph 151 of the TAC. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 151 of the TAC.

152. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 152 of the TAC.

153. Wells Fargo denies the allegations in Paragraph 153 of the TAC.

154. Wells Fargo denies the allegations in Paragraph 154 of the TAC.

155. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 155 of the TAC.

156. Wells Fargo avers that Paragraph 156 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 156 of the TAC.

157. Wells Fargo avers that Paragraph 157 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 157 of the TAC.

158. Wells Fargo avers that Paragraph 158 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the

allegations in Paragraph 158 of the TAC except admits that the quoted opinion contains the quoted text and respectfully refers the Court to the quoted opinion and the other opinion cited in Paragraph 158 of the TAC for a complete and accurate understanding of their contents.

159. Wells Fargo avers that Paragraph 159 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 159 of the TAC.

160. Wells Fargo avers that Paragraph 160 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 160 of the TAC except admits that the quoted treatise contains the quoted text and respectfully refers the Court to the quoted treatise and the opinions cited in Paragraph 160 of the TAC for a complete and accurate understanding of their contents.

161. Wells Fargo avers that Paragraph 161 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 161 of the TAC.

162. Wells Fargo avers that Paragraph 162 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 162 of the TAC.

163. Wells Fargo avers that Paragraph 163 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 163 of the TAC and respectfully refers the Court to the cited statute for a complete and accurate understanding of its contents.

164. Wells Fargo avers that Paragraph 164 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the

allegations in Paragraph 164 of the TAC except admits that the quoted opinion contains the quoted text and respectfully refers the Court to the quoted opinion for a complete and accurate understanding of its contents.

165. Wells Fargo avers that Paragraph 165 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 165 of the TAC.

166. Wells Fargo avers that Paragraph 166 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 166 of the TAC except admits that the quoted opinion contains the quoted text and respectfully refers the Court to the quoted opinion for a complete and accurate understanding of its contents.

167. Wells Fargo avers that Paragraph 167 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 167 of the TAC except admits that the quoted opinion contains the quoted text and respectfully refers the Court to the quoted opinion for a complete and accurate understanding of its contents.

168. Wells Fargo avers that Paragraph 168 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 168 of the TAC except admits that the quoted opinion contains the quoted text and respectfully refers the Court to the quoted opinion for a complete and accurate understanding of its contents.

169. Wells Fargo denies the allegations in Paragraph 169 of the TAC.

170. Wells Fargo avers that Paragraph 170 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 170 of the TAC.

171. Wells Fargo avers that Paragraph 171 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 171 of the TAC except admits that the LLCs were the borrowers under the Financing Agreements and the Insureds were expressly not obligated to pay anything towards the Financing Agreements and pledged no assets as collateral.

172. Wells Fargo avers that Paragraph 172 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in the first sentence of Paragraph 172 of the TAC and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 172 of the TAC.

173. Wells Fargo avers that Paragraph 173 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 173 of the TAC.

174. Wells Fargo avers that Paragraph 174 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 174 of the TAC except admits that the quoted opinion contains the quoted text and respectfully refers the Court to the quoted opinion and the other opinion cited in Paragraph 174 of the TAC for a complete and accurate understanding of their contents.

175. Wells Fargo avers that Paragraph 175 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 175 of the TAC.

176. Wells Fargo denies the allegations in Paragraph 176 of the TAC.

177. Wells Fargo denies the allegations in Paragraph 177 of the TAC.

178. Wells Fargo avers that Paragraph 178 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 178 of the TAC except admits that the quoted opinion contains the quoted text and respectfully refers the Court to the quoted opinion for a complete and accurate understanding of its contents.

179. Wells Fargo denies the allegations in Paragraph 179 of the TAC except admits that Wells Fargo Bank was the Manager of the LLC created for each Insured and submitted claims for the death benefits on the Policies.

180. Wells Fargo avers that Paragraph 180 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 180 of the TAC and respectfully refers the Court to the cited opinion for a complete and accurate understanding of its contents.

181. Wells Fargo avers that Paragraph 181 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 181 of the TAC and respectfully refers the Court to the cited opinion for a complete and accurate understanding of its contents.

182. Wells Fargo avers that Paragraph 182 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 182 of the TAC.

183. Wells Fargo avers that Paragraph 183 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 183 of the TAC.

184. Wells Fargo hereby incorporates by reference each and every response to each and every allegation contained in the preceding paragraphs as if set forth herein at length.

185. Wells Fargo avers that Paragraph 185 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 185 of the TAC except admits that the quoted statutes contain the quoted text and respectfully refers the Court to the quoted statutes for a complete and accurate understanding of their contents.

186. Wells Fargo avers that Paragraph 186 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 186 of the TAC and respectfully refers the Court to the cited statute for a complete and accurate understanding of its contents.

187. Wells Fargo avers that Paragraph 187 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 187 of the TAC except admits that O.C.G.A. § 53-12-300 contains the phrase "[a] violation by the trustee of any duty that the trustee owes the beneficiary shall be a breach of trust" and that O.C.G.A. § 53-12-301 contains the phrase "a cause of action to seek . . .

damages" and respectfully refers the Court to O.C.G.A. §§ 53-12-300, 53-12-301, and 53-12-302 cited in Paragraph 187 of the TAC for a complete and accurate understanding of their contents.

188. Wells Fargo admits the allegations in Paragraph 188 of the TAC.

189. Wells Fargo avers that Paragraph 189 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 189 of the TAC.

190. Wells Fargo denies the allegations in Paragraph 190 of the TAC.

191. Wells Fargo avers that Paragraph 191 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 191 of the TAC.

192. Wells Fargo denies the allegations in Paragraph 192 of the TAC except admits that in each Irrevocable Trust agreement, Wells Fargo Bank stated that it was also serving as: (i) the Manager of LLCs formed in each Insured's name; (ii) trustee of the Funding Trusts; (iii) trustee of the SPIA Trusts; (iv) trustee of the Master Trusts; and (v) Indenture Trustee under an indenture agreement.

193. Wells Fargo denies the allegations in Paragraph 193 of the TAC except admits that each Irrevocable Trust agreement contains the quoted text and respectfully refers the Court to the Irrevocable Trust agreements for a complete and accurate understanding of their contents.

194. Wells Fargo avers that Paragraph 194 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 194 of the TAC.

195. Wells Fargo denies the allegations in Paragraph 195 of the TAC except admits that each Irrevocable Trust agreement contains the quoted text and respectfully refers the Court to the Irrevocable Trust agreements for a complete and accurate understanding of their contents.

196. Wells Fargo denies the allegations in Paragraph 196 of the TAC except admits that SPIAs were purchased on each Insured's life.

197. Wells Fargo denies the allegations in Paragraph 197 of the TAC.

198. Wells Fargo denies the allegations in Paragraph 198 of the TAC and hereby incorporates by reference each and every response to each and every allegation in Paragraphs 100-122 of the TAC cited in Paragraph 198 of the TAC.

199. Wells Fargo avers that Paragraph 199 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 199 of the TAC.

200. Wells Fargo avers that Paragraph 200 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 200 of the TAC except admits that each Insured executed an Irrevocable Trust agreement.

201. Wells Fargo avers that Paragraph 201 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 201 of the TAC.

202. Wells Fargo avers that Paragraph 202 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 202 of the TAC except admits that the quoted statute contains the quoted

text and respectfully refers the Court to the quoted statute for a complete and accurate understanding of its contents.

203. Wells Fargo denies the allegations in Paragraph 203 of the TAC.

204. Wells Fargo avers that Paragraph 204 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 204 of the TAC.

205. Wells Fargo hereby incorporates by reference each and every response to each and every allegation contained in the preceding paragraphs as if set forth herein at length.

206. Wells Fargo denies the allegations in Paragraph 206 of the TAC except admits that the quoted statute contains the quoted text and respectfully refers the Court to the quoted statute for a complete and accurate understanding of its contents.

207. Wells Fargo denies the allegations in Paragraph 207 of the TAC except admits that the quoted statute contains the quoted text and respectfully refers the Court to the quoted statute for a complete and accurate understanding of its contents.

208. Wells Fargo denies the allegations in Paragraph 208 of the TAC.

209. Wells Fargo avers that Paragraph 209 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 209 of the TAC except admits that the cited statute defines "person" and respectfully refers the Court to the cited statute for a complete and accurate understanding of its contents.

210. Wells Fargo avers that Paragraph 210 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 210 of the TAC except admits that the cited statute defines "person" and

respectfully refers the Court to the cited statute for a complete and accurate understanding of its contents.

211. Wells Fargo denies the allegations in Paragraph 211 of the TAC.

212. Wells Fargo denies the allegations in Paragraph 212 of the TAC.

213. Wells Fargo denies the allegations in Paragraph 213 of the TAC.

214. Wells Fargo denies the allegations in Paragraph 214 of the TAC.

215. Wells Fargo denies the allegations in Paragraph 215 of the TAC.

216. Wells Fargo denies the allegations in Paragraph 216 of the TAC.

217. Wells Fargo denies the allegations in Paragraph 217 of the TAC.

218. Wells Fargo denies the allegations in Paragraph 218 of the TAC.

219. Wells Fargo denies the allegations in Paragraph 219 of the TAC.

220. Wells Fargo denies the allegations in Paragraph 220 of the TAC.

221. Wells Fargo denies the allegations in Paragraph 221 of the TAC.

222. Wells Fargo avers that Paragraph 222 of the TAC contains legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in Paragraph 222 of the TAC.

223. Wells Fargo denies the allegations in Paragraph 223 of the TAC.

224. Wells Fargo avers that the first and second sentences of Paragraph 224 of the TAC contain legal conclusions to which no response is required and, to the extent a response is required, Wells Fargo denies the allegations in the first and second sentences of Paragraph 224 of the TAC. Wells Fargo denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 224 of the TAC.

225. Wells Fargo denies the allegations in Paragraph 225 of the TAC.

226. Wells Fargo denies the allegations in Paragraph 226 of the TAC.

As to the WHEREFORE clause, Wells Fargo denies that any Plaintiff is entitled to any award of any kind, individually or collectively, including, but not limited to the relief set forth in Paragraphs 227-29 of the TAC and respectfully refers the Court to the statutes cited in Paragraphs 228 and 229 of the TAC for a complete and accurate understanding of their contents.

WHEREFORE, having fully answered, Wells Fargo respectfully requests that:

(a) Plaintiffs recover nothing, and the TAC be dismissed with prejudice;

(b) Judgment be entered in favor of Wells Fargo; and

(c) The Court grant Wells Fargo all other relief that the Court deems just and proper.

Dated: October 29, 2026

Respectfully submitted,

*/s/ Catherine G. Lucas*
Catherine G. Lucas
**BAKER HOSTETLER**
1170 Peachtree Street NE
Atlanta, GA 30309
(404) 459-0050 (telephone)
clucas@bakerlaw.com

*/s/ Clay J. Pierce*
Clay J. Pierce (admitted *pro hac vice*)
Emily M. Burgess (admitted *pro hac vice*)
**FAEGRE DRINKER BIDDLE & REATH LLP**
1177 Avenue of the Americas
41st Floor
New York, NY 10036
(212) 248-3140 (telephone)
clay.pierce@faegredrinker.com
emily.burgess@faegredrinker.com

Julie R. Landy (admitted *pro hac vice*)
**FAEGRE DRINKER BIDDLE & REATH LLP**
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
(612) 766-7000 (telephone)
julie.landy@faegredrinker.com

Elizabeth M. Casey (admitted *pro hac vice*)
**FAEGRE DRINKER BIDDLE & REATH LLP**
One Logan Square, Ste. 2000
Philadelphia, PA 19103
(215) 988-2700 (telephone)
elizabeth.casey@faegredrinker.com

Kyle Darch (admitted *pro hac vice*)
**FAEGRE DRINKER BIDDLE & REATH LLP**
1144 Fifteenth St., Suite 3400
Denver, CO 80202
(303) 607-3500 (telephone)
kyle.darch@faegredrinker.com

*Attorneys for Wells Fargo Bank, N.A.*
*and Wells Fargo Delaware Trust Company, N.A.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| Brian Achenbach et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Liberty One Funding Trust,<br>Liberty Two Funding Trust,<br>Wells Fargo Bank, N.A., and Wells Fargo Delaware Trust Company, N.A.,<br><br>Defendants. | |
| Liberty One Funding Trust, Liberty Two Funding Trust, Wells Fargo Bank, N.A., and Wells Fargo Delaware Trust Company, N.A.,<br><br>Counterclaimants,<br><br>v.<br><br>Brian Achenbach et al.,<br><br>Counterclaim-Defendants. | Case No. 1:23-cv-5483-MLB |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2026, I served the foregoing Wells Fargo Bank, N.A. and Wells Fargo Delaware Trust Company, N.A.'s Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint upon all counsel of record via CM/ECF and electronic mail to:

*Attorneys for Plaintiffs*
**COZEN O'CONNOR**
Gregory J. Star
gstar@cozen.com
Chase A. Howard
chasehoward@cozen.com
Michael J. Miller
mjmiller@cozen.com
Alex H. Hayden
ahayden@cozen.com
Victoria G. Mazzola
vmazzola@cozen.com
Justin K. Risser
jrisser@cozen.com
Saskia Olczak
solczak@cozen.com
Danielle Le Jeune
dlejeune@cozen.com

*Attorneys for Liberty*
**CAHILL GORDON & REINDEL LLP**
Thorn Rosenthal
trosenthal@cahill.com
Joel Kurtzberg
jkurtzberg@cahill.com
Lauren Perlgut
lperlgut@cahill.com

This 29th day of October, 2026.

*/s/ Catherine G. Lucas*
Catherine G. Lucas
BAKER HOSTETLER
1170 Peachtree Street NE
Atlanta, GA 30309
(404) 459-0050 (telephone)
clucas@bakerlaw.com